UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT SALINAS,<br><br>        Plaintiff,<br><br>    v.<br><br>NATALIA FOUCAULT- GRGICH,<br><br>        Defendant. | Case No. 21-cv-04920-DMR<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 31 |

Plaintiff Gilbert Salinas is an individual with disabilities. He filed a complaint against Defendant Natalia Foucault-Grgich alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., and California's Unruh Civil Rights Act, California Civil Code section 51(f). Foucault-Grgich now moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction, arguing that Salinas's ADA claims are moot and that the court should decline to exercise jurisdiction over the Unruh Act claims. [Docket No. 31.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted.

I.    **BACKGROUND**

Salinas makes the following allegations in the complaint: Salinas is "substantially limited in his ability to walk. He is a paraplegic who uses a wheelchair for mobility." Compl. ¶ 1. Foucault-Grgich owns a store called "Silk & Stone" in Half Moon Bay, California. *Id*. at ¶ 3. Salinas visited the store in May 2021 "with the intention to avail himself of its good or services motivated in part to determine if the defendants [sic] comply with the disability access laws." *Id*. at ¶ 8. He alleges that on the date of his visit, Foucault-Grgich "failed to provide wheelchair accessible paths of travel in conformance with the ADA Standards." *Id*. at ¶ 10. Specifically, he alleges that "there were unramped steps at the entrance of the Store" and "paths of travel inside the

Store that narrowed to less than 36 inches in width" and that he "personally encountered these barriers." *Id*. at ¶¶ 12, 15. Salinas further alleges that he "believes that there are other features of the paths of travel that likely fail to comply with the ADA Standards." *Id*. at ¶ 13. Salinas filed the complaint on June 28, 2021 alleging the foregoing disability access violations.

Foucault-Grgich retained a Certified Access Specialist ("CASp"), Bassam Altwal, who inspected Silk & Stone on March 17, 2022. [Docket No. 31-2 (Altwal Decl., Jul. 7, 2022) ¶¶ 6, 8.] Altwal prepared a CASp report and concluded that the store is around 224 square feet. It is located "in a historical building" that was built in 1885 "with 2 steps at front, no parking, no bathroom and no sidewalk responsibility." *Id*. at ¶ 9, Ex. B (Report) at 6. The two steps are 11" high and the sidewalk is 6'7" wide. According to Altwal, "there was no physical possibility to construct a ramp to enter the store." *Id*. at ¶ 9; Report 7. He considered whether Foucault-Grgich could install a portable ramp and determined that based on the slope, the portable ramp "would need to be 11' long with 5' landing at the bottom." Since the sidewalk is less than seven feet wide, he concluded that a portable ramp would be "impossible." Altwal Decl. ¶ 9; Report 7. Altwal recommended that Foucault-Grgich "provide sidewalk assistance and install a sign with a buzzer offering that assistance." Report 7. According to Altwal, Foucault-Grgich has done so. *See* Report 7, 12.

Altwal determined that the width of the doorway opening was less than 32" and that the door height was less than 80", but he states that "in historical buildings door width is allowed to be 29 ½" wide, [and the] door height is within margins." Therefore, Foucault-Grgich was not required to take any action with respect to the doorway opening. Report 15.

Additionally, Altwal recommended that a strip of contrasting color be placed on the steps at the front and that the front door handle be replaced "with a handle that is easy to grasp with one hand." Report 13, 18; Altwal Decl. ¶¶ 10, 11. Altwal states that the strips have been installed and that they are ADA compliant, and that the door handle has been replaced. Altwal Decl. ¶¶ 10, 11; Report 19.[1]

---

[1] Defendant submitted her own declaration to which she attaches several photographs that she says depict various views of the store. [Docket No. 31-3 (Foucault-Grgich Decl., Jul. 7, 2022) ¶¶ 3-6,

2

Relying on Altwal's declaration and report, Foucault-Grgich contends that there are no longer any access barriers at Silk & Stone. Salinas concedes that no barriers remain at the store. Opp'n 1.

Foucault-Grgich now moves to dismiss the complaint for lack of subject matter jurisdiction. She argues that Salinas's ADA claims are moot because none of the alleged barriers exist, rendering his ADA claim for injunctive relief moot. Foucault-Grgich also argues that the court should decline to exercise supplemental jurisdiction over Salinas's Unruh Act claim.

## II. LEGAL STANDARD

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). The challenging party may make a facial or factual attack challenging subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

In contrast, a factual attack disputes "the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment," and "[t]he court need not presume the truthfulness of the plaintiff's allegations" in deciding a factual attack. *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."

---

Exs. B-D.] Based on the angle of the photos and their quality, it is not entirely obvious what they depict. However, Salinas does not dispute any of Defendant's factual contentions or the evidence supporting them.

*Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003) (citing *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir. 1989)). When "the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits," the court must apply the summary judgment standard. *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987). The motion to dismiss must be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id*.

## III.  DISCUSSION

Salinas concedes that barriers no longer exist at Silk & Stone. He also implicitly acknowledges that his ADA claims are moot but argues that the court should retain supplemental jurisdiction over the Unruh Act claim. Opp'n 1-2.

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Norman-Bloodsaw v. Lawrence Berkeley Lab'y*, 135 F.3d 1260, 1274 (9th Cir. 1998) (quotation omitted). While "[m]ere voluntary cessation of allegedly illegal conduct does not moot a case . . . part or all of a case may become moot if (1) subsequent events have made it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Id*. (cleaned up). "Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) (internal citation omitted). Since Salinas does not dispute that his ADA claims are moot, Foucault-Grgich's motion to dismiss the ADA claims is granted.

The Unruh Act provides that "[a] violation of the right of any individual under the [ADA] shall also constitute a violation of" the Unruh Act. Cal. Civ. Code § 51(f). It authorizes statutory damages of "no less than four thousand dollars ($4,000)" for each occasion on which a plaintiff was denied equal access. Cal. Civ. Code § 52(a). Having dismissed Salinas's ADA claims as moot, his Unruh Act claims remain live "[b]ecause a claim for damages under the Unruh Act

looks to past harm." *Arroyo v. Aldabashi*, No. 16-CV-06181-JCS, 2018 WL 4961637, at *5 (N.D. Cal. Oct. 15, 2018).

At the outset of this case, the court had federal question jurisdiction over Salinas's ADA claim pursuant to 28 U.S.C. § 1331. Because his state law claim "[was] so related to claims in the action within such original jurisdiction that [it] form[s] part of the same case or controversy under Article III of the United States Constitution," this court exercised supplemental jurisdiction over that claim as well. 28 U.S.C. § 1367(a).

The elimination of federal claims does not automatically deprive district courts of subject matter jurisdiction over state law claims. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009). Rather, the district court retains discretion whether to exercise supplemental jurisdiction even after all federal claims are resolved. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction."). 28 U.S.C. § 1367(c)(4) authorizes a district court to "decline to exercise supplemental jurisdiction over a claim . . . if . . . in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Exceptional circumstances "authorize consideration, on a case-by-case basis, of whether the 'principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine' warrant declining supplemental jurisdiction." *Arroyo v. Rosas*, 19 F.4th 1202, 1205 (9th Cir. 2021) (quoting *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997)). The Ninth Circuit generally disfavors the exercise of supplemental jurisdiction. "The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.'" *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)).

Salinas argues for continued exercise of supplemental jurisdiction on the ground that his Unruh Act claim is "based solely on the ADA violation alleged in the Complaint." Noting that a violation of the ADA also constitutes a violation of the Unruh Act, Salinas argues that "the ADA and Unruh Acts are inextricably intertwined." Opp'n 2 (citing Cal. Civ. Code § 51(f)).

5

Accordingly, he contends, "the court that presides over the state claim will be tasked with interpreting federal law and regulations," and since this court has "original jurisdiction over such matters," it should retain jurisdiction over the Unruh Act claims. *Id*. This is his sole argument in favor of the court retaining jurisdiction over his state law claims.

Ninth Circuit authority, principles of federal-state comity, and the early state of the proceedings all militate against retaining supplemental jurisdiction over this case. The Ninth Circuit previously has affirmed district court decisions declining to exercise supplemental jurisdiction over state law claims upon resolution of the ADA claims. *See*, *e.g.*, *Oliver*, 654 F.3d at 911 (upholding dismissal after summary judgment granted to defendants on ADA accessibility claim); *Wander v. Kaus*, 304 F.3d 856, 857-58 (9th Cir. 2002) (upholding dismissal of case after dismissing ADA claim as moot because defendants no longer owned public accommodation).

Late last year in *Arroyo*, the Ninth Circuit recognized that "the recent confluence of several California-law rules have combined to create a highly unusual systemic impact on ADA-based Unruh Act cases that clearly threatens to have a significant adverse impact on federal-state comity." 19 F.4th at 1211. Over the past decade, the California Legislature has enacted procedural filing requirements for California state courts that have resulted in "a wholesale shifting of Unruh Act/ADA cases into . . . [California federal courts.]" *Id.* at 1212. As a consequence of this shift, "the procedural strictures that California put in place have been rendered largely toothless, because they can now be readily evaded." *Id.* at 1213. The Ninth Circuit described these circumstances as "exceptional" and a "very substantial threat to federal-state comity . . . namely, that retention of supplemental jurisdiction over ADA-based Unruh Act claims threatens to substantially thwart California's carefully crafted reforms in this area and to deprive the state courts of their critical role in effectuating the policies underlying those reforms." *Id*. Accordingly, the Ninth Circuit held that the district court acted within its discretion to conclude that "this extraordinary situation threatens unusually significant damage to federal-state comity and presents 'exceptional circumstances' within the meaning of [28 U.S.C.] § 1367(c)(4)." *Id.* at 1213-14.

After *Arroyo*, numerous courts have followed its guidance and declined to exercise

supplemental jurisdiction over state law claims in disability access cases. *See, e.g.*, *Garcia v. Maciel*, No. 21-cv-03743-JCS, 2022 WL 395316, at *3 (N.D. Cal. Feb. 9, 2022) (collecting cases). In *Garcia*, the Honorable Joseph C. Spero held that "[u]nder the circumstances of this case, which has not progressed beyond threshold questions of standing and jurisdiction, the strong comity concerns identified by the Ninth Circuit in *Arroyo* outweigh any countervailing considerations of economy and efficiency that might be adversely affected by requiring Garcia to refile his Unruh Act claim in state court. Fairness also counsels in favor of declining jurisdiction, because allowing Garcia to pursue his Unruh Act claim here would countenance 'a wholesale evasion of . . . critical limitations on damages relief' that the California legislature has seen fit to impose for claims under that statute." *Id.* at *5 (quoting *Arroyo*, 19 F.4th at 1213 (alterations in original)).

Supplemental jurisdiction is not appropriate in this case. Salinas concedes that his ADA claim for injunctive relief is moot. The fairness and comity considerations in light of California's "carefully crafted reforms in this area" are present here. *See Arroyo*, 19 F.4th at 1211-14. The litigation is still in its early stages. The court has not held an initial case management conference and the parties have not engaged in any motion practice beyond an administrative motion Salinas filed seeking to waive the General Order 56 settlement meeting and have the parties proceed with mediation. Accordingly, the impact of a dismissal on judicial economy and efficiency is minimal. Moreover, nothing in the record supports Salinas's claim that this court is somehow better equipped than a state court to address his allegations about the access barriers he allegedly encountered. Accordingly, the court declines to exercise supplemental jurisdiction over his Unruh Act claims.

//
//
//
//
//
//

7

## IV. CONCLUSION

For the foregoing reasons, the court grants Foucault-Grgich's motion to dismiss the complaint. Salinas's ADA claims are dismissed as moot and the Unruh Act claims are dismissed without prejudice to refiling in state court. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: August 31, 2022



Donna M. Ryu
United States Magistrate Judge